## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

**Lydia Ann Killian**                                                                          **Plaintiff**

**v.**                                   **No. 3:15-CV–182-JLH-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                              **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Lydia Ann Killian seeks judicial review of the denial of her application for disability insurance benefits (DIB).[3]  In the past, Killian worked primarily as a bookkeeper.  She last worked in October 2011,[4] when she underwent back surgery.  A few months later, Killian applied for DIB and based disability on diabetes, arthritis, back problems, congestive heart failure, neuropathy, high blood pressure, high cholesterol, bad heart valves, and shingles.[5]

**The Commissioner's decision**.  After considering the application, the ALJ identified lumbar degenerative disc disease (status post-lumbar surgery) and diabetic neuropathy as severe impairments.[6]  The ALJ determined Killian can do some sedentary work, to include her past work as a bookkeeper.[7]  Because a person who can do her past work is not disabled under social security law, the ALJ denied the application.[8]

---

[3]SSA record at p. 100 (applying on Jan. 3, 2012 and alleging disability beginning Oct. 3, 2011.

[4]*Id*. at pp. 47, 119, 131 & 163.

[5]*Id*. at p. 142.

[6]*Id*. at p. 11.

[7]*Id*. at pp. 13 & 16 (excluding workplace hazards and climbing, and limiting postural functions).

[8]*Id*. at p. 17.

After the Appeals Council denied review,[9] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[10]  Killian filed this case to challenge the decision.[11]  The recommended disposition explains why the court should affirm the decision.

**Killian's allegations**.  Killian challenges the evaluation of her credibility.  She faults the ALJ for not specifying particular medical listings; she contends she meets listings 9.00 and 1.02A.  She complains about the omission of a walker from the hypothetical question.  She maintains her primary care provider's (PCP) medical statement deserved more weight.  For these reasons, she says substantial evidence does not support the decision.[12]

**Applicable legal principles**.  When reviewing a decision denying an application for DIB, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]  For substantial evidence to exist, a

---

[9]*Id.* at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]Docket entry # 9.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the

reasonable mind must accept the evidence as adequate to support the determination

that Killian can do some sedentary work, to include her past work.[14]  For the following

reasons, a reasonable mind will accept the evidence as adequate to support the decision:

> 1. **The record establishes no very serious functional limitation preventing sedentary work**.  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[15]  Sedentary work "represents a significantly restricted range of work.  Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[16]
>
> Killian based her claim, in significant part, on back surgery.[17]  Medical evidence shows Killian underwent back surgery on October 3, 2011.[18]  Post-surgery treatment notes are probative of Killian's claim.  Treatment

---

Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[15]20 C.F.R. § 404.1567(a).

[16]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[17]SSA record at p. 101 (reporting that she stopped working because she had back surgery).

[18]*Id*. at p. 385.

notes show surgery alleviated pre-surgery symptoms.[19]

The source of post-surgery symptoms is diabetic neuropathy.  When Killian complained about left sided pain, the surgeon ordered a nerve conduction study.[20]  The study showed mild peripheral neuropathy in both legs.[21]  The surgeon attributed neuropathy to diabetes.  Diabetic peripheral neuropathy can cause symptoms in the legs and feet like numbness, tingling, burning, pain, and loss of balance and coordination, and interfere with walking and standing.[22]  Killian complained about similar symptoms.

The nerve conduction study confirming the presence of peripheral neuropathy supports reported symptoms, but not disabling symptoms. The descriptor "mild" suggests no disabling symptoms.  A reasonable mind will accept the evidence as adequate to show Killian can do sedentary work because symptoms of peripheral neuropathy can interfere with walking and standing, and because sedentary work involves mostly sitting.

2.  **The PCP statement contradicts other substantial evidence**.  Killian's

---

[19]*Id*. at p. 506 (Nov. 29, 2011, reporting near complete relief of back pain and some residual right leg pain), p. 398 (Dec. 15, 2011, low back pain completely gone but still complaining about right leg pain, albeit diminished; doing much better than before surgery), p. 623 (Feb 29, 2012, some right sided pain after surgery but overall much better than before surgery, now complaining about pain radiating to left leg), p. 617 (July 12, 2012, back and right leg pain completely resolved, she complains about left sided neuropathy most probably from diabetes), p. 666 (Nov. 8, 2012, it's been a year since back surgery, back and right leg pain completely resolved, she has some numbness and tingling in the legs from diabetic neuropathy).

[20]*Id*. at p. 622.

[21]*Id*. at p. 549.

[22]Gary Gilles, Ken R. Wells & Laura Jean Cataldo, Diabetic Neuropathy, 2 The Gale Encyclopedia of Med. 1356 (4th ed.); *id*. at p. 1347 of vol. 2, Altha Roberts Edgren & Ken R. Wells, Diabetes Mellitus.

PCP — an advanced practice nurse — provided a letter, stating that Killian is quite limited in her ability to perform even simple activities of daily living, requires a walker and frequently a wheel chair, needs daily assistance to bathe, and has been unable to work since back surgery.[23] Killian contends the statement deserved more weight.

A treating PCP medical statement is entitled to controlling weight if it is well-supported and consistent with the other substantial evidence.[24] The ALJ rejected the statement because: (1) the PCP is not an acceptable medical source,[25] (2) PCP exam results were significantly different from the exam results of acceptable medical sources, and (3) Killian's reports to the PCP were significantly different than her reports to acceptable medical sources.[26] If supported by the record, these reasons are good reasons for rejecting the statement.

The following excerpt from the challenged decision shows why the record supports the ALJ's reasons:

> For example, in November 2012, Ms. Killian told her back surgeon that her pain had significantly improved. A neurological examination was stable. The claimant also acknowledged that her right leg pain had resolved and that she was using a walker only intermittently. That same month, Ms. Killian told [the PCP] that she continued to experience back pain that was severe enough to prevent her from sleeping. The claimant had decreased sensation in both legs. [The PCP] noted that the claimant had an unstable gait and she used a rolling walker. These two examinations

---

[23]SSA record at p. 704.

[24]SSR 96-2p, *Pol'y Interpretation Ruling Titles II & XVI, Giving Controlling Weight to Treating Source Med. Opinions*.

[25]*See* 20 C.F.R. § 404.1513 (listing sources who can provide medical evidence to establish impairment).

[26]SSA record at pp. 15-16.

occurred within days of each other yet … findings and
reported symptoms are very different from one another.
The undesigned notes that when [the orthopedist] examined
the claimant in January 2013 he found very few objective
abnormalities.  The claimant indicated she was experiencing
only intermittent back pain and numbness in the extremities.
Two months later, the claimant complained [to the PCP] of
severe ongoing back pain.  The claimant had limited range of
motion in her back and used a walker at all times.[27]

The cited inconsistencies are supported by the record and provide a
sufficient basis for rejecting the PCP statement.

3.  **The ALJ properly discounted Killian's credibility**.  Killian contends
the ALJ failed to follow the law in evaluating her credibility.  She
maintains the ALJ ignored favorable evidence and erred in evaluating her
allegations of disabling symptoms.  Because the ALJ followed the required
two-step process and considered the required factors,[28] the question before
the court is whether substantial evidence supports the credibility
evaluation.

An ALJ may discount subjective complaints "if there are inconsistencies in
the evidence as a whole."[29]  The ALJ identified inconsistencies
undermining credibility.  The following excerpt from the challenged
decision illustrates inconsistency:

While the claimant testified at the hearing that her pain
medication caused side effects, the medical records clearly
show that she failed to report these symptoms to medical
providers.  In January 2013, [the orthopedist] specifically
noted that the claimant denied that she was experiencing

---

[27]*Id*.

[28]*See* SSR 96-7p, *Pol'y Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[29]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

any medication side effects.[30]

The cited inconsistency, especially considered with inconsistent statements to medical providers, provided a sufficient basis for discounting credibility.

The ALJ discounted the disabling aspects of Killian's subjective allegations, but the reduction to sedentary work shows the ALJ credited some alleged symptoms.  Agency medical experts limited Killian to light work requiring occasional performance of postural functions,[31] but after considering all of the evidence, the ALJ limited Killian to sedentary work.

4.  **The medical evidence does not support disability under a listing**. If a claimant has more than one impairment, she may rely on the combined effect of her impairments to prove she meets a listing.[32]   "For a claimant to show that [her] impairment matches a listing, it must meet all of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[33]

Killian relies on listing 9.00 (endocrine disorders) based on diabetes, and listing 1.02A based on the effect of diabetes on the legs in the form of an alleged inability to ambulate effectively.

"Ineffective ambulation is defined generally as having insufficient lower extremity functioning … to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 1.002b(1).  Requiring a walker meets this requirement, but the ALJ discounted credibility about requiring a walker.  Killian's

---

[30]SSA record at p. 16.

[31]*Id*. at pp. 587, 592 & 655.

[32]*Shontos v. Barnhart*, 328 F.3d 418, 424 (8th Cir. 2003).

[33]*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

statements about using a walker are inconsistent[34] — inconsistent enough to provide a sufficient basis for discounting the allegation of an inability to ambulate effectively.  In the absence of an inability to ambulate effectively, Killian does not meet listing 1.02A based on diabetic peripheral neuropathy.

5. **Vocational evidence indicates Killian can do her past work.**  A person who can do her past work is not disabled under social security law.[35]  Killian worked as an office bookkeeper for many years.  According to the vocational  expert, a bookkeeper is sedentary work.[36]  Killian complains because the ALJ didn't include a walker in the hypothetical question, but the requirement for walker flows from subjective allegations.  The ALJ discounted subjective allegations.

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will

accept the evidence as adequate to support the decision.  The ALJ made no reversible

legal error.  For these reasons, the undersigned magistrate judge recommends

DENYING Killian's request for relief (docket entry # 2) and AFFIRMING the

---

[34]SSA record at p. 508 (57 days post surgery, walked with significant limp on right even with walker), p. 624 (149 days post surgery, she's using a walker), p. 595 (191 days post surgery, using wheelchair), p. 606 (260 days post surgery, in a wheelchair), p. 617 (283 days post surgery, using a walker intermittently), p. 686 (627 days post surgery, using a walker, slow unsteady gait), p. 666 (402 days post surgery, using walker intermittently), p. 669 ( 409 days post surgery, using rolling walker), p. 674 (472 days post surgery, normal gait, able to stand without difficulty, able to climb stairs 5 consecutive times), p. 44 (723 days post surgery, need a walker regularly and wheelchair 3 or 4 times per month).

[35]20 C.F.R. § 404.1520(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[36]SSA record at p. 48.

9

Commissioner's decision.

   Dated this 16th day of February, 2016.

_____
United States Magistrate Judge